## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRIC OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| JHON JAIRO URRGO CASALLAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LAURA MILENA LOPEZ FARIAS, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No.: 8:23-CV-00459-TPB-MRM |

## DEFENDANT'S VERIFIED ANSWER TO VERIFIED PETITION FOR RETURN OF MINOR CHILD TO COLOMBIA AND AFFIRMATIVE DEFENSES

## THE CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL CHILD ABDUCTION, DONE AT THE HAGUE ON OCTOBER 25, 1980 AND THE INTERNATIONAL CHILD ABDUCTION REMEDIES ACT (22 USC 9001, ET SEQ.)

**COMES NOW,** the Defendant, **LAURA MILENA LOPEZ FARIAS,** by and through her undersigned counsel, and files this, Defendant's Verified 's Answer to Verified Petition for Return of Minor Child to Colombia and Affirmative Defenses, and in support thereof, states as follows:

### INTRODUCTION

1.  Admitted as to the Father allowing for the trip to the United States. Denied as to the rest of the paragraph, the Father's rights under Colombian law and the timing of the decision to not return to Colombia is misstated and therefore Denied. Additionally, the habitual residence of NUL is the United States.

1

2. Denied, however, admitted in so far as the Father stipulates that at least by September of 2020, if not sooner, he was aware that the Mother would not be returning to Colombia with NUL.

3. Denied.

4. Denied in so far as the Father exaggerates his financial contribution to NUL and the Mother's living expenses. Denied as to the amount of time the Father spent with NUL prior to the Mother and NUL coming to the United States.

5. Denied in so far as the Mother was the primary provider of the financial support for NULs necessities, although the Father did make some contributions. Since September of 2020, the Father's financial support of NUL's necessities has been minimal. The Mother has also contributed significantly to assist in the Father's visitation in the United States. This includes significant contributions for lodgings, flights, and incidental expenses.

6. Admitted.

7. Admitted.

## JURISDICTION

8. Admitted.

9. Admitted in so far that this paragraph contains a partial description of some of the aspects of the Hague Convention.

10. Admitted.

11. Admitted.

12. Denied.

13. Denied.

14. Admitted.

15. Admitted.

## FACTUAL BACKGROUND

16. Admitted.

17. Admitted.

18. Admitted in so far as the Mother and the Father were in a romantic relationship and lived together when NUL was born. Admitted in so far that the Mother and the Father were never married. Denied in so far as the nature of their relationship is not the functional equivalent of a common law marriage.

19. Admitted.

20. Admitted to the Mother and the Father cohabiting for approximately one year. Denied as to the Father paying all of the expenses.

21. Admitted.

22. Denied.

23. Denied.

24. Denied.

25. Admitted.

26. Admitted.

27. Admitted.

28. Insufficient information and therefore Denied.

29. Overly broad and therefore Denied.

30. Admitted in so far as the Father was on notice since at least September of 2020 that the Mother had no intention of returning with NUL to Colombia.

31. Denied in so far that it requires the Mother to speculate on the Father's concerns.

32. Admitted in so far the forementioned document appears to be dated as stated in the paragraph.

33. Admitted that the Father has visited NUL in the United States on at least 4 occasions. Denied as to the alleged financial burden. The Mother contributed significantly to the costs related to the trips and essentially facilitated the visitations largely at her expense.

34. Admitted, with the exception that the Father has had a history of alcohol abuse prior to the birth of NUL.

35. Admitted in so far as the Mother moved to Tampa, Florida. Admitted as to the Father visiting the Mother and NUL in Tampa, Florida. The Mother moved to Tampa, Florida on or about the third of December 2022.

36. Admitted.

37. Admitted in so far as we agree the Father has not significantly contributed to NUL's expenses since NUL has been in the United States.

Denied as to the Father's inability to contribute financially. Denied as to the Father bringing any significant amount of items or contributions to NUL's necessities.

38. Denied, the Father's lack of effort to pursue remedies now being sought in this petition were not significant efforts and were minimal at best and do not evince a settled purpose to seek to return NUL to Colombia. The significant amount of time that has passed since the Mother and NUL's arrival in the United States has established the Mother's legitimate claim to NUL and the Mother's habitual residence to be the United States.

39. Unknown and therefore Denied.

40. Admitted that the Father has initiated the proceeding on March 1, 2023. The details of his retention of counsel are unknown to the Mother.

**WHEREFORE,** the Defendant, **LAURA MILENA LOPEZ FARIAS** prays that this Honorable Court deny all relief being sought by the Plaintiff, award her reasonable attorney's fees and costs, and grant any and all other relief the Court deems just and proper.

### AFFIRMATIVE DEFENSES

As affirmative defense to the Plaintiff's Verified Petition for Return of Minor Child to Colombia and pursuant to Federal Rules of Civil Procedure R. 8 (c), the Defendant asserts the following:

## AFFIRMATIVE DEFENSE PURSUANT TO ARTICLE 12

Article 12 of the convention states the general rule that when a court receives a petition for return within one year after the child's wrongful removal, the court shall order the return of the child forthwith. Article 12 further provides that "where the proceedings have been commenced after the expiration of the period of one year [from the date of the wrongful removal], shall also order the return of the child, unless it is demonstrated that the child is now settled in its new environment" *See, Lozano v. Montoya Alvarez*, 572 U.S 1 (2014) 134 S. Ct. 1224, 188 L.Ed.2d 200.

In the instant case, the Plaintiff has conceded within the pleadings that the time period from when the Plaintiff asserts the wrongful removal occurred in September of 2020, until the actual filing of his petition in March of 2023, far exceeds the 12-month time period mandated by Article 12. By Plaintiff's own calculations, NUL has been wrongfully removed for at least 31 months before Plaintiff sought redress.

The petition also appears to concede that he has visited NUL at least 4 times in the United States for lengthy periods of time during the time frame of March 2020 when the mother and NUL first arrived in the United States and the March 1, 2023, filing of his petition for the return of the minor child to Colombia. During that 36-month time frame, he was well aware of the location of NUL at all times while NUL was residing in the United States.

Plaintiff purports to have kept good contact with NUL. He alleges he provided at least some support for NUL during her stay in the United States and provided assistance in helping NUL become fully acclimated to the United States. He specifically alleges that he regularly assisted the Mother with taking NUL to school in the mornings and picking up NUL in the afternoons during his extended stays in the United States. While residing in the United States, he was well aware that NUL was residing with not only the Mother but also the maternal Grandmother. He was aware that NUL attended school, ballet, Sunday School, and had both made friends in the United States and had become proficient in the English language. Consequently, he was well aware that NUL was well settled in the United States.

Plaintiff accepted significant contributions from the Mother for lodgings, flights, and incidental expenses for his visitations to the United States and cannot at this time make credible claims that NUL was somehow concealed from him such that he was unaware to the degree to which NUL was becoming and eventually did become fully acclimated in the United States as her habitual residence.

Indeed, after a 2 month stay where he was residing in the home of the Mother, maternal Grandmother, and NUL, he chose to file the petition a couple days prior to his most recent departure back to Colombia. NUL is 5 years old. NUL has resided in the United States for the majority of her life during the important formative stages of her development. Yet the Father chose to decline

to file the petition during any of his prior visits and then only at the end of his most recent 2-month visit. This is clearly not the time frame envisioned by the drafters of the Treaty when they included the provision regarding the expiration of the one-year period.

**WHEREFORE**, the Respondent/Defendant prays that the relief sought by the Plaintiff/Plaintiff be denied, award the undersigned attorney reasonable attorney's fees and costs incurred herein and for such other and further relief the Court may deem necessary and appropriate.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been filed electronically with the Clerk of the Court by using the CM/ECF system on May 2, 2023.

/s/Martha E. Aristizabal
**MARTHA E. ARISTIZABAL, ESQ.**
Florida Bar Number: 1003190
**BUSCIGLIO SHERIDAN & SCHOEB, P.A.**
3302 North Tampa Street
Tampa, Florida 33603
martha@mytampafirm.com
(813) 225-2695 telephone
(813) 868-3695 facsimile
*Counsel for Defendant*
**LAURA LOPEZ FARIAS**

/s/Scott L. Robbins
**SCOTT L. ROBBINS, ESQ.**
Florida Bar Number 0352111
**BUSCIGLIO SHERIDAN & SCHOEB, P.A.**
3302 North Tampa Street
Tampa, Florida 33603
scott@mytampafirm.com
(813) 225-2695
(813) 868-3695
*Counsel for Defendant*
**LAURA LOPEZ FARIAS**

## VERIFICATION

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this Verified Answer to Verified Petition for Return of Minor Child to Colombia and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: 05-02-2023

_Laura Lopez_
**LAURA LOPEZ FARIAS, Defendant**

STATE OF FLORIDA
COUNTY OF Hillsborough

Sworn to or affirmed and signed before me on
{date} May 2, 2023

_Lucille A. DeCaprio_
NOTARY PUBLIC or DEPUTY CLERK

Lucille A. DeCaprio

*{Print, type, or stamp commissioned name of notary or deputy clerk.}*

Notary Public State of Florida
Lucille A DeCaprio
My Commission GG 923443
Expires 11/18/2023

___ Personally known
_✓_ Produced identification
Type of identification produced  Learner's License
L121-533-90-831-0

9